# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:06cv368

| | |
|---|---|
| HEATHER MICHELLE HORNE, ) <br> Administratrix of the Estate of ) <br> Zachary Clifton Horne, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NOVARTIS PHARMACEUTICALS ) <br> CORPORATION, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion to Stay Proceedings [Doc. 35].

The parties move the Court for an Order staying proceedings in this action pending resolution of <u>Levine v. Wyeth</u>, __ A.2d __, 2006 WL 3041078 (Vt. Oct. 27, 2006), <u>cert. granted</u>, 128 S.Ct. 1118, 169 L.Ed.2d 845 (Jan. 18, 2008). The question presented in that case is as follows: "Whether the prescription drug labeling judgments imposed on manufacturers by the Food and Drug Administration ("FDA") pursuant to FDA's comprehensive safety and efficacy authority under the Federal

Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., preempt state law product liability claims premised on the theory that different labeling judgments were necessary to make drugs reasonably safe for use." The parties contend that the Supreme Court's decision in <u>Levine</u> may have an effect on the Court's March 25, 2008 Memorandum of Decision and Order [Doc. 34] dismissing some of the Plaintiff's claims, and that absent a stay, the discovery taken by the parties may be duplicated. [Joint Motion to Stay Proceedings, Doc. 35].

The Supreme Court granted certiorari in <u>Levine</u> on January 18, 2008. The case is not scheduled for argument in the Court's current term and therefore will not be argued before October 6, 2008. Thus, a decision in <u>Levine</u> likely will not be forthcoming until December 2008 at the earliest. The present case was filed in state court on July 27, 2006 and removed to this Court on August 28, 2006. If the requested stay were granted, this case would be more than three years old before it could be calendared for trial.

The Court finds that there is no just cause why this case should not at least proceed through discovery, even if the Court were to wait for a decision from the Supreme Court before trying the present case. In light of

2

the unusual circumstances of the case, the Court will allow some latitude for discovery as to the Plaintiff's dismissed claims so that, once <u>Levine</u> is decided, the parties will be able to prepare promptly for trial.

Accordingly, **IT IS, THEREFORE, ORDERED** that the parties' Joint Motion to Stay Proceedings [Doc. 35] is **DENIED WITHOUT PREJUDICE** to renewal of said Motion after the completion of discovery.

**IT IS FURTHER ORDERED** that the parties are to file a Certificate of Initial Attorney's Conference within ten (10) days of the entry of this Order. In addition to the usual items, the Certificate shall set forth proposed parameters for conducting discovery regarding those claims that could be revived by virtue of a decision by the Supreme Court in <u>Levine</u>.

**IT IS SO ORDERED**.

Signed: April 23, 2008

Martin Reidinger
United States District Judge